OPINION *Page 2 
{¶ 1} Appellant Randy Shepherd appeals the October 3, 2006, Judgment Entry of the Richland County Court of Common Pleas, Juvenile Division, overruling appellant's June 16, 2006, Motion for Relief from Judgment. Appellee is Richland County Child Support Enforcement Agency ("CSEA").
 STATEMENT OF FACTS AND THE CASE {¶ 2} On June 16, 2006, appellant filed a Civ.R. 60(B) Motion for Relief from Judgment. Appellant sought relief from a February 24, 2005, judgment entry which had adopted a February 9, 2005, Magistrate Decision.
 {¶ 3} The February 24, 2005, entry from which the appellant sought relief adopted the February 9, 2005, Magistrate's Decision finding that appellant's child support and processing charge arrearages were $3,800.41[1] as of November 30, 2004.
 {¶ 4} Appellant argues that he is entitled to relief from the February 24, 2005, judgment because the trial court in that judgment "erred in assessing his arrearage in child support because it failed to properly calculate the mother's income." June 16, 2006, Motion for Relief from Judgment, page 2. Appellant, in his Motion for Relief from Judgment, basically argues that the child support arrearage judgments against him should be vacated because he has never received tangible proof of mother's income. He bases his argument on: 1) a November 6, 1997, Judgment Entry indicating that the gross income of the mother would be determined at a later hearing and the outcome could result in modification of appellant's support order, and 2) appellant's claim that a CSEA attorney had given testimony at a January 11, 2005, hearing that the hearing on *Page 3 
mother's income was complete and the attorney would produce tangible evidence to the court and to appellant.
 {¶ 5} It should be noted here that the trial court in its November 6, 1997, judgment entry said: "In summary, and as stated above, based upon the upcoming hearing involving the issue of mother's obligation of support, the obligation of the Defendant with regard to payment of child support to the Richland County Children Services Board may or may not be modified, as the evidence, dictates. If said modification is in order, Defendant will be notified by the Magistrate by receipt of an Amended Magistrate's Decision filed in his case. If no modification is appropriate, no Amended Magistrate's Decision will be filed in Defendant's case, in which case the current order will remain."
 {¶ 6} On October 3, 2006, appellee filed a Motion to Dismiss appellant's June 16, 2006, Motion for Relief from Judgment. The trial court issued its ruling also on October 3, 2006, and overruled appellant's June 16, 2006, Motion for Relief from Judgment.
 {¶ 7} Appellant now appeals, setting forth the following assignment of error.
 {¶ 8} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION TO DISMISS WHEN THE TRIAL COURT MADE ITS RULING WITHOUT ALLOWING THE APPELLANT, RANDY SHEPHERD, THE OPPORTUNITY TO TO [SIC] REPLY TO THE APPELLEE'S MOTION."
 {¶ 9} Appellant, in his sole assignment of error, argues that the trial court abused its discretion when it granted appellee's Motion to Dismiss appellant's Motion for *Page 4 
Relief from Judgment without allowing appellant time to reply to such motion. We disagree.
 {¶ 10} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. InGTE Elec. v. Automatic ARC Industries (1976), 47 Ohio St.3d 146,351 N.E.2d 113, the Supreme Court of Ohio held the following:
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 12} In his motion for relief, appellant argued that the trial court, in its November 6, 1997, judgment entry, used an incorrect figure when it calculated his child support obligation. Appellant also sought relief from the trial court's February 24, 2005, Judgment Entry. Appellant contends that the mother's income was never properly calculated and the trial court has an obligation to determine mother's income in order to correctly determine appellant's child support obligation. *Page 5 
 {¶ 13} While appellant argues that the trial court erred in granting appellee's Motion to Dismiss appellant's Motion for Relief from Judgment without allowing appellant time to respond to the same, we disagree.
 {¶ 14} Appellant, in his Motion for Relief from Judgment, challenges the original calculation of his child support. He seeks to vacate the judgments regarding his child support arrearages based on his allegation that the underlying child support order was never calculated correctly.
 {¶ 15} First of all, the Motion for Relief is not timely. From the portions of the record transmitted to this Court from the trial court,[2] it appears that the child support order being challenged is from 1997 or before. The appellant filed his Motion for Relief on June 16, 2006.
 {¶ 16} Appellant claims his Motion was timely based on the fact that the arrearage was calculated in the February 24, 2005, entry and that appellant has been relying upon the representation of the trial court that a hearing would be held to determine the mother's income and that appellant would be provided with that information. But the time to challenge the child support order begins to run when it is issued. While it is correct that a child support order can be modified at any time there is a change of circumstances, that modification is prospective. The time to challenge the underlying order from its inception date, begins to run when it is issued. In addition, the representations made by the trial court in its November 6, 1997, entry indicated that the appellant's support order would be modified if appropriate after the hearing was held *Page 6 
involving the mother's support obligation. This Court interprets "modification" to mean prospective support, not a retroactive modification of appellant's existing support order. Even if we interpreted the wording of the November 6, 1997, entry to mean that the trial court was considering a retroactive modification of appellant's support obligation, if it found out information justifying such at the mother's support hearing, we still do not find that the trial court abused its discretion in denying appellant relief from judgment without a hearing. Nearly nine years passed between November 6, 1997, and June 16, 2006. Appellant could have obtained income information on the mother and pursued a remedy.
 {¶ 17} Secondly, we do not find that the appellant has established that he has a meritorious defense. No income information of the mother was presented to the trial court in the Motion for Relief. There is nothing in the record indicating that the child support was incorrect based on the child support guidelines.
 {¶ 18} In sum, we do not find that the trial court abused its discretion in overruling appellant's June 16, 2006, Motion for Relief from Judgment without giving appellant an opportunity to respond to the Motion to Dismiss. Appellant seeks to vacate the February 24, 2005, judgment, which determined his child support arrearages, by claiming that a child support order issued in 1997 or before was not correctly calculated because the trial court never calculated mother's income. But, this motion is untimely. It should be noted that appellant does not challenge the subject matter jurisdiction of the trial court to issue the original child support order.
 {¶ 19} It should also be noted that the trial court did not indicate in its November 6, 1997, order that appellant's child support order would not be issued until the hearing *Page 7 
on mother's support obligation was held. It, instead, said that appellant's support obligation would be modified if appropriate. And, as discussed previously, appellant could have obtained mother's income information and sought modification at any time.
 {¶ 20} In addition, no meritorious defense was presented by the appellant in his Motion for Relief.
 {¶ 21} Accordingly, appellant's sole assignment of error is overruled.
 Edwards, J. Gwin, P.J. and Delaney, J., concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] $3,712.64 was for child support and $87.77 was for processing fees. The child support was terminated on March 24, 2000, when custody with Children Services was terminated.
[2] A substantial portion of this file appears to now exist only on microfilm. We considered only those documents transmitted to us on paper. We concluded those documents were sufficient for our decision. Those documents are: 10/3/06 Judgment Entry overruling Motion for Relief, 10/3/06 Motion to Dismiss, 6/16/06 Motion for Relief, 2/24/05 Judgment Entry, 2/9/05 Magistrate Decision, 11/6/97 Judgment Entry. *Page 1